UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                      Plaintiff,

  -against-

ART FX MURALS LLC,

                      Defendant.
------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendant, Art FX Murals LLC ("Art FX"), alleges, upon information and belief, as follows:

### PARTIES

1. Plaintiff, American Empire, is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

2. Upon information and belief, and at all times relevant, defendant Art FX was and still is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business in Oregon.

3. Upon information and belief, and at all times relevant, the sole member of defendant Art FX is a natural person, residing in the State of Oregon.

### JURISDICTION

4. This action is brought pursuant to 28 U.S.C. § 1332, 2201, and 2202 based on the diversity of citizenship of the parties, on common law, and seeks declaratory relief.

5.  The amount in controversy in this action exceeds the sum or value of $75,000.

6.  Venue is proper pursuant to 28 U.S.C. § 1391 as, upon information and belief, a substantial part of the events giving rise to the claim occurred in New York County.

## FACTS

**The American Empire Policies**

7.  American Empire issued a Commercial General Liability insurance policy to Art FX, bearing Policy No. PLF045053, for the period June 14, 2023 to June 14, 2024 ("CGL Policy").

8.  The premium charged for the CGL Policy was to be computed as a percentage of Art FX's gross receipts during the policy period.

9.  Based upon an estimate of the same, American Empire assigned an Advance Premium which was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate of the same.

10. In this regard, the CGL Policy provides, in relevant part:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> * * *
>
> **5.  Premium Audit**
>
>     a.  We will compute all premiums for this Coverage Part in accordance with our rules and rates.
>
>     b.  Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as

the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

    c.    The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

* * *

11. The CGL Policy also contains an endorsement entitled: "Explanatory Policy Premium Endorsement", which provides, in pertinent part

The policy conditions relating to premiums shall be amended to incorporate the following:

1. It is understood and agreed that [the American Empire Policy] is subject to a minimum policy premium as stated in the Declarations. If the policy remains in force until the expiration date of the Policy, this minimum policy premium shall apply unless the audit condition of this Policy develops a greater premium. In no event shall the premium be less than the minimum policy premium should the Policy remain effective the complete policy term.

* * *

This endorsement prevails over any conflicting provisions in the Policy.

* * *

12. By way of the Common Policy Conditions, Art FX "[i]s responsible for the payment of all premiums...."

13. The Common Policy Conditions further provide:

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

14. American Empire also issued an Excess Liability insurance policy to Art FX, bearing Policy No. XSF045055, for the same period (the "XS Policy"). (The CGL and XS Policies are collectively referred to as the "American Empire Policies").

15. Similar in fashion to the CGL Policy, the Advance Premium for the XS Policy was to be computed as a percentage of gross receipts for Art FX and an Advance Premium was assigned based upon an estimate of Art FX's gross receipts for the coverage period.

16. Again, the Advance Premium was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate.

17. To that end, the XS Policy provides, in pertinent part:

> **2. CONDITIONS**
>
> \* \* \*
>
> **B.** We will compute all premiums for this policy in accordance with our rules and rates.
>
> \* \* \*
>
> If this policy is subject to audit adjustment, the earned premium shall be computed in accordance with the rates and rating basis stated in the Declarations upon the expiration or cancellation of this policy. If the earned premium is more than the ADVANCE PREMIUM shown in the Declarations, you shall promptly pay the excess amount to [American Empire]...The first named insured must keep records of the information that [American Empire] need[s] for the earned premium computation, and send [American Empire] copies of those records at such times as [American Empire] may request. Any additional audit premium is due and payable immediately upon notice of such additional premium to the first named insured.
>
> \* \* \*

**Art FX's Failure to Pay Additional Premium**

18. Matson Driscoll & Damico LLP, on behalf of American Empire, performed an audit of the financial records of Art FX to determine its actual gross receipts during the policy period.

19. Pursuant to the audit, it was determined that Art FX owed an additional premium under the CGL Policy in the amount of $134,830, and under the XS Policy in the amount of $108,539, for a total due for additional premium in the sum of $243,369, and is reflected in Endorsement No. 1 to both the CGL and the XS Policies.

20. To date, however, despite due demand, American Empire has yet to receive payment for the same.

21. As such, the current outstanding additional premium for the American Empire Policies is $243,369.

## AS AND FOR A FIRST CAUSE OF ACTION

22. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

23. As set forth above, the additional premium due as a result of the audit under the American Empire Policies is reflected in Endorsement No. 1 to the policies.

24. By correspondence dated February 13, 2025, the undersigned, on behalf of American Empire, demanded payment from Art FX in the amount of $243,369, representing the additional premium due under the American Empire Policies.

25. To date, however, American Empire has not received payment in the amount owed.

26. As a result of Art FX's refusal to pay the additional premium, American Empire has been damaged in the amount $243,369, together with interest, costs, disbursements, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

27. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

28. Art FX's failure to pay the additional premium due under the American Empire Policies violates the terms and conditions of the policy.

29. As such, American Empire respectfully requests that the Court declare that American Empire has no obligation to defend and/or indemnify Art FX, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies.

## AS AND FOR A THIRD CAUSE OF ACTION

30. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

31. Art FX's failure to pay the additional premium due and owing under the American Empire Policy constitutes a breach of Art FX's duty of good faith and fair dealing owed to American Empire with respect to the American Empire Policies.

32. As a result of Art FX's breach of its duty of good faith and fair dealing, American Empire has no obligation to defend and indemnify Art FX, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense,

claim or suit which has or may be reported to American Empire under the American Empire Policies.

      **WHEREFORE**, American Empire respectfully requests that:

    (a) The Court enter judgment against Art FX in the sum of $243,369, plus interest, for the additional premium presently due and owing under the American Empire Policies;

    (b) In the event Art FX fails to pay the amount owed, that the Court enter judgment declaring that American Empire has no obligation to defend and/or indemnify Art FX, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Art FX's failure to comply with its obligations under the American Empire Policies;

    (c) In the event Art FX fails to pay the amount owed, that the Court enter judgment declaring that American Empire has no obligation to defend and/or indemnify Art FX, or any other person or entity seeking coverage under the American Empire Policies, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Art FX's breach of its duty of good faith and fair dealing;

    (d) American Empire be awarded the costs and disbursements of this action; and

(e) American Empire shall have such other, further, and different relief as this Court may deem just and proper.

Dated: Melville, New York
March 20, 2025

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

*Maureen E O'Connor*

By: MAUREEN E. O'CONNOR
Attorneys for Plaintiff
American Empire Surplus Lines
Insurance Company
3 Huntington Quadrangle, Suite 102-S
Melville, New York 11747
Tel.: (516) 837-7432
moconnor@lbcclaw.com