UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY
                        Plaintiff,

-v-

ART FX MURALS LLC,
                        Defendant.

25-CV-2332 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

American Empire Surplus Lines Insurance Company ("American Empire") brings this action against Art FX Murals LLC ("Art FX") for breach of contract and breach of the duty of good faith and fair dealing. Before the Court is Art FX's motion to dismiss the case for lack of subject matter jurisdiction, or alternatively, to transfer venue. For the reasons that follow, Art FX's motion to dismiss is granted.

**I.      Factual Background**

The following facts are drawn from American Empire's amended complaint (ECF No. 18; "Am. Compl.") and are assumed true for the purposes of this motion. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

This action pertains to two insurance policies that American Empire issued to Art FX for the period from June 14, 2023 through June 14, 2024. (Am. Compl. ¶¶ 12-21.) These policies charged a premium based on the percentage of Art FX's gross receipts during the policy period. (*Id.* ¶¶ 13, 20.) Under this arrangement, Art FX paid an "Advance Premium" that would be adjusted if an audit revealed that Art FX's gross receipts during the period exceeded the initial

1

estimate. (*Id.* ¶ 14.) According to American Empire, the audit revealed that Art FX owed additional amounts totaling $243,369. (*Id.* ¶ 24.) After Art FX allegedly failed to pay this sum, American Empire brought suit. (*Id.* ¶¶ 23-26.)

American Empire bases federal jurisdiction on the diversity of the citizenship of the parties pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 7.) On May 27, 2025, Art FX moved to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction and filed a memorandum in support. (ECF No. 14 ("Mem.").) Art FX claims that Mark Bennett, who is the sole member of Art FX, is domiciled in Costa Rica and that § 1332 does not confer diversity jurisdiction over U.S. citizens domiciled abroad. (Mem. at 1, 4.) Art FX argues in the alternative that, should the suit be allowed to proceed, venue be transferred from the Southern District of New York to the District of Oregon. (*Id.* at 2.) In response, American Empire contends that—because Art FX's primary location, books, and records are in Oregon—Art FX is a citizen of Oregon. (ECF No. 20 at 13 ("Opp.").)

According to the amended complaint, American Empire is an insurance company organized in Ohio with its principal place of business in Ohio. (Am. Compl. ¶ 1.) Art FX is a limited liability company organized in Oregon with its principal place of business in Oregon. (*Id.* ¶ 2.) Mark Bennett is the sole member of Art FX and maintains dual citizenship with the United States of America and the Republic of Costa Rica. (*Id.* ¶ 4.) On May 16, 2025, however, Art FX filed a corporate disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure indicating that Bennett, and therefore Art FX, was a citizen of Oregon for the purposes of diversity jurisdiction. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). (ECF No. 10 at 2.) Then, on May 27, 2025, Art FX filed in

support of its motion to dismiss a declaration from Bennett stating that he has "resided in Costa Rica for approximately the past seven (7) years," owns no property in Oregon, and intends to "make Costa Rica [his] permanent residence." (ECF. No. 15 at 1-2.) In a supplemental declaration filed on June 17, 2025, Bennett further clarified that he sold his Oregon property approximately seven years ago, sold his property in Washington approximately five years ago, does not pay taxes in Oregon, is not registered to vote in Oregon, and holds a driver's license in Costa Rica but not anywhere in the United States. (ECF. No. 27 at 1-2.)

## II.     Legal Standards

### A.     Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case must be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction bears the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). For diversity claims, federal courts have original jurisdiction if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 18 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As relevant here, complete diversity exists if the parties are citizens of two different U.S. states or if the parties are "citizens of a State and citizens or subjects of a foreign state." 18 U.S.C. §1332(a).

The citizenship of limited liability companies ("LLCs") is determined by the citizenship of LLC members, much like partnerships and other similar associations. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) ("[T]he citizenship of an artificial entity . . . depends on the

3

citizenship of 'all the members[.]'" (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889))); *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *2 (2d Cir. Jan. 26, 2023) ("[F]or diversity purposes, a limited liability company takes the citizenship of all of its members." (quotation marks omitted)).  For natural persons, citizenship is determined by one's domicile.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Domicile is one's "true, fixed, principal, and permanent home, to which that person intends to return." *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) (quoting Black's Law Dictionary (7th ed.1999)).  A change in domicile requires "residence in a new domicile and the intention to remain there."  *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023); *see also Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904).

However, there is a special rule for natural persons who are U.S. citizens but not citizens of any state.  *See* 13E Wright & Miller's Federal Practice & Procedure § 3621 (3d ed. 2025).  Second Circuit precedent establishes that foreign-domiciled U.S. citizens are not subject to federal jurisdiction under 28 U.S.C. § 1332(a).  *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("United States citizens 'domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so that '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'" (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990))); *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (stating that U.S. citizens domiciled abroad are "necessarily non-diverse").

Additionally, Second Circuit precedent establishes that for dual citizens, American citizenship prevails over foreign citizenship for the purposes of determining diversity.  *See*

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991) ("[O]nly the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." (quotation marks omitted)); *see also Lemos v. Pateras*, 5 F. Supp. 2d 164, 165 (S.D.N.Y. 1998) ("[T]here is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity jurisdiction under 28 U.S.C. § 1332." (quotation marks omitted)); *Lehman Gov't Sec. v. Pickholz*, No. 95-CV-7744, 1996 WL 447995, at *2 (S.D.N.Y. Aug. 8, 1996) (concluding that the court lacked subject matter jurisdiction over an individual who was both an Israeli and American citizen, but not a citizen of any U.S. state).

### B.     Section 1404(a) Venue Transfer

Under 28 U.S.C. § 1404(a), federal district courts may transfer a case from the current forum to another district court where the action could have been brought. Section 1404(a) gives broad discretion to district courts to weigh convenience and fairness concerns in determining whether to grant motions for transfer. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." (quotation marks omitted)).

Generally, the plaintiff's choice of venue is entitled to "substantial consideration." *First Nat. City Bank v. Nanz, Inc.*, 437 F. Supp. 184, 189 (S.D.N.Y. 1975). However, "where the chosen forum is not the plaintiff's home forum, the choice is given somewhat less deference." *Caldwell v. Slip-N-Slide Recs., Inc.*, No. 10-CV-9106, 2011 WL 3251502, at *2 (S.D.N.Y. July 26, 2011). Additionally, the plaintiff's choice of forum is accorded greater deference "where there is a material connection or significant contact between the forum state and the underlying

events allegedly underlying the claim." *Orb Factory, Ltd. v. Design Sci. Toys*, *Ltd.*, 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998).

III. Discussion

    A.    **Rule 12(b)(1) Motion to Dismiss**

The amount-in-controversy requirement is indisputably met given that American Empire seeks damages of $243,369. (Am. Compl. ¶ 29.) For the complete diversity analysis, the citizenship of Art FX, an LLC, is determined by the citizenship of its sole member, Mark Bennett. *See Carden*, 494 U.S. 185 at 195-96; *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001). Thus, the fact that Art FX and its books and records are based in Oregon is irrelevant to the Rule 12(b)(1) analysis. (Opp. 13.)

The parties dispute whether Bennett is domiciled in Oregon or Costa Rica, and the jurisdictional question hinges on this fact. In a diversity action, the "party seeking diversity jurisdiction bears the burden of establishing that diversity exists." *Braten v. Kaplan*, 406 F. App'x 516, 517 (2d Cir. 2011); *see also Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). American Empire has not established that Bennett is domiciled in Oregon and has thus not met this burden.

While the amended complaint alleges a "belief" that Bennett owns real property in Oregon, there appears to be no basis for this claim. (Am. Compl. ¶ 5.) Although Art FX filed a Rule 7.1 corporate disclosure statement indicating that Bennett's domicile is in Oregon, Bennett subsequently submitted a declaration attesting that he has lived in Costa Rica for seven years, owns no residence in Oregon or any other U.S. state, and intends to make Costa Rica his permanent home. (ECF No. 15 at 1-2.) In a supplemental declaration, Bennett clarified that he

sold his property in Oregon about seven years ago, sold his property in Washington about five years ago, does not pay taxes in Oregon, does not vote in Oregon, and holds a driver's license in Costa Rica but not anywhere in the United States. (ECF No. 27 at 1-2.) American Empire adduces no evidence to rebut these claims. Accordingly, the record establishes that Costa Rica—rather than Oregon—is Bennett's "true, fixed, principal, and permanent home." *Venturella*, 391 F.3d at 125 (citation omitted).

For dual citizens, only U.S. citizenship is relevant for the purpose of determining diversity. *Action S.A.*, 951 F.2d at 507. The Court thus considers only Bennett's U.S. citizenship. And as the Second Circuit has made clear, § 1332(a) does not provide for diversity jurisdiction over U.S. citizens who are domiciled abroad. *Herrick*, 251 F.3d at 322. Because Bennett—the sole member of Art FX—is a citizen of the United States who is domiciled abroad, this Court lacks subject matter jurisdiction over this case, and it must be dismissed under Rule 12(b)(1).

### B. Section 1404(a) Venue Transfer

As there is no subject matter jurisdiction in this action, the Court need not reach the question of § 1404(a) venue transfer.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED.

      The Clerk of Court is directed to terminate the motion at ECF No. 13, to enter judgment of dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), and to close this case.

SO ORDERED.

Dated: September 23, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge